UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Amy L. Styer, a/k/a Amy Lou Styer, : Debtor | Case No. 08-21348  Chapter 7 |
| Commonwealth of Pennsylvania, Acting by Attorney General Thomas W. Corbert, Jr., : Plaintiff : : v. : : Amy L. Styer, a/k/a Amy Lou Styer, : Defendant | Adversary No. 08-2096 |

# MEMORANDUM OPINION

## I. INTRODUCTION

The Court of Common Pleas of Berks County (the "Berks Court") ordered Amy Lou Styer ("Debtor") to pay civil restitution pursuant to section 201-4.1 of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-4.1. The Berks County action had been initiated by the Commonwealth of Pennsylvania (the "Commonwealth"). The Berks Court stated that the restitution award was "for the benefit of the specific consumers listed in the Restitution Chart." Commonwealth's Memo Summ. J. (docket entry 52) at p. 15. This adversary proceeding was brought by the Commonwealth, which claims that

the Berks Court's restitution award is nondischargeable in this Chapter 7 case pursuant to 11 U.S.C. §523(a)(2)(A) and (7).

The Commonwealth has filed a Motion for Summary Judgment ("Motion") in which it argues that, based on the Berks Court's findings, no genuine disputes of material fact exist concerning whether Debtor's conduct constituted false representations, false pretenses or actual fraud. The Commonwealth maintains that the civil restitution debt owed by Debtor is therefore nondischargeable under 11 U.S.C. §523(a)(2)(A). The Commonwealth also argues that it is entitled to summary judgment on its section 523(a)(7) claim because the civil restitution award is, as a matter of law, exempt from discharge in a Chapter 7 bankruptcy proceeding pursuant to 11 U.S.C. §523(a)(7). Debtor requests that I deny the Motion.

For the reasons that follow, I find that the Commonwealth's Motion must be denied to the extent it seeks summary judgment on the Commonwealth's section 523(a)(2)(A) cause of action because genuine disputes of material fact exist concerning whether Debtor's conduct constituted false representations, false pretenses, or actual fraud. I also find that the Commonwealth's Motion must be denied to the extent it seeks summary judgment on the Commonwealth's section 523(a)(7) cause of action because civil restitution is not exempt from discharge in a Chapter 7 bankruptcy proceeding when the restitution does not yield pecuniary gains to the government, which is the case here. Although Debtor has not filed a

2

cross-motion for summary judgment, I shall enter judgment in her favor on the Commonwealth's section 523(a)(7) cause of action because the Commonwealth had adequate notice of the grounds for my decision. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)("district courts are widely acknowledged to possess the power to enter summary judgment motions sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.").

## II. DISCUSSION

### A. Summary Judgment Standard

A motion for summary judgment is governed by Fed. R. Civ. P. 56, which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7056. Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and that [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this case, the only fact I need consider is the nature and stated purpose of the Berks Court decision.

### B. Discharge of Debt Under §523(a)(2)(A)

The Berks Court commented that it that it need not and did not reach the issue of fraudulent conduct, but that it was "not convinced, and therefore, do[es] not necessarily believe that the evidence warrants any finding of fraudulent conduct" on behalf of Debtor. The Berks Court further found deceptive conduct by a group of defendants before it, which group included Debtor.

3

Based on the Berks Court's findings and comments, I find that genuine disputes of material fact exist concerning whether Debtor's conduct constituted false representations, false pretenses or actual fraud. As a result, the Commonwealth's Motion must be denied insofar as it seeks summary judgment on its section 523(a)(2)(A) cause of action. The Commonwealth will have the opportunity to enhance the record,[1] limited to facts pertaining to Debtor alone, in the trial before me, which is scheduled to commence on November 5, 2012.

## C. Discharge of Civil Restitution Under §523(a)(7)

The Supreme Court of the United States held that restitution obligations imposed upon a defendant as a condition of his probation in a state criminal proceeding are not dischargeable under section 523(a)(7). *Kelly v. Robinson*, 479 U.S. 36, 53 (1986). The Court reasoned that the language of section 523 must be considered "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems." *Id.* at 43-44. Moreover, the Court declared that in its view "neither of the qualifying clauses of §523(a)(7) allows the discharge of a criminal judgment that takes the form of restitution." *Id.* at 52. Subsequently, the Court noted that section 523(a)(7) applies to both civil and criminal fines and penalties, but did not specifically indicate whether a civil restitution award is dischargeable. *Pa. Dep't of Pub. Welfare v. Davenport*, 495

---

[1] To the extent relevant and admissible, of course, the Berks Court's findings of fact and conclusions of law are also germane in this proceeding.

4

U.S. 552, 562 (1990). The circuit courts are split on the issue of when civil restitution may be discharged in bankruptcy under section 523(a)(7).

## 1. The Fourth Circuit approach

The Fourth Circuit has held that civil restitution may not be discharged in a Chapter 7 bankruptcy proceeding if its primary purpose is penal in nature. *United States Dep't of Housing & Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Va., Inc.*, 64 F.3d 920, 928 (4th Cir. 1995). In *Cost Control*, the debtor was enjoined from violating the anti-fraud provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 to 1720, and ordered to disgorge profits to HUD. *Id.* at 924. HUD had no legal obligation to disburse the money to the persons harmed. *Id.* at 927. The court reasoned that "discharge in bankruptcy is not intended to be a haven for wrongdoers," and clarified that "the 'not compensation for actual pecuniary loss' phrase in §523(a)(7) refers to *the government's* pecuniary loss." *Id.* at 927-28. The court concluded that, because the disgorgement order was penal in nature, it was not dischargeable under §523(a)(7). *Id.* at 928. Moreover, the court reached this decision even though HUD calculated that the amount of the remedy was equal to the approximate amount that the persons harmed had lost and that it intended to use some or all of the award to reimburse the persons harmed. "[S]o long as the government's interest in enforcing a debt is *penal*, it makes no difference that injured persons may thereby receive compensation for pecuniary loss." *Id.* at 928.

5

## 2. The Seventh Circuit approach

The Seventh Circuit has held that civil restitution may be discharged in a Chapter 7 bankruptcy proceeding if the restitution does not yield pecuniary gains to the government. *In re Towers*, 162 F.3d 952, 955-56 (7th Cir. 1998). In *Towers*, the debtor violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 to 505/12, by defrauding his customers. *Id.* at 953. The state court ordered the debtor to pay civil restitution. Included in the restitution order was a list of the persons harmed with amounts due to each. *Id.* at 953. The Seventh Circuit held that even though the civil restitution was payable to the government, it was not for the benefit of the government because "[n]o one doubts ... that the Attorney General *will* distribute the money to the victims...." *Id.* at 955. The Seventh Circuit therefore ruled that the civil restitution award was not exempt from discharge under section 523(a)(7). The court reasoned that the specific language of section 523(a)(7) implies that a pecuniary benefit to the government is necessary for the restitution to be deemed nondischargeable. "[T]he context in which 'benefit' appears – 'payable to and for the benefit of a governmental unit'– implies that the 'benefit' in question is the benefit of the money that is 'payable to' the governmental unit." *Id.* at 956. Because the civil restitution award would not yield a pecuniary gain to the State, the Seventh Circuit found that the restitution award was not exempt from discharge.

### 3. The Third Circuit approach

The Third Circuit has previously ruled that a federal criminal restitution order may be discharged in bankruptcy if it was payable to the benefit of the debtor's defrauded victims and not "to and for the benefit" of any governmental unit. *Rashid v. Powell (In re Rashid)*, 210 F.3d 201, 203 (3d Cir. 2000). Although federal criminal restitution orders are not, since the addition of 11 U.S.C. §523(a)(13) in 1994,[2] dischargeable, *Rashid* suggests that the Third Circuit would follow the Seventh Circuit's reasoning in *Towers* when deciding whether a civil restitution award is dischargeable. The Third Circuit found the reasoning of *Towers* persuasive because "[t]he word 'payable' clearly casts an economic light over the phrase that suggests that the benefit must be conferred from the monetary value of the debt to be paid by the defendant and not the more abstract benefit of criminal deterrence." *Id.* at 208. Because the federal criminal restitution in *Rashid* was ultimately payable to the victims, the court found that the restitution obligation was dischargeable under section 523(a)(7). *Id.* In a footnote, the Third Circuit commented that "[f]ederal criminal restitution orders and civil restitution orders share one important distinction from Kelly - neither implicates the federal court's longstanding `reluctan[ce] to interpret federal bankruptcy statues to remit state criminal judgments.'" *Id.* at 208, n.3, *quoting Kelly*, 479 U.S. at 44.

---

[2]The Third Circuit explained in *Rashid* that section 523(a)(13), which was enacted in 1994, did not apply to the case before it because the circumstances of the case took place before the enactment of section 523(a)(13). *Rashid*, 210 F.3d at 204.

7

Following *Rashid*, the Third Circuit has held that a state criminal restitution order was not dischargeable in bankruptcy because of the federalism concerns stressed in the Supreme Court's *Kelly* decision. *In re Thompson*, 418 F.3d 362, 364 (3d Cir. 2005). The court reached its conclusion even though the state collected the money solely for distribution to the victims of the debtor's crimes as compensation for their injuries. *Id*. The court reasoned that "the federalism considerations repeatedly stressed in *Kelly* are implicated with full force here." *Id*. at 367. The court distinguished *Towers* and *Rashid* stating that they did not implicate "the federal court's longstanding reluctance to interpret federal bankruptcy statutes to remit state criminal judgements." *Id. quoting Kelly*, 479 U.S. at 44.[3]

## 4. Debtor's civil restitution obligation is not exempt from discharge under section 523(a)(7)

I find the Seventh Circuit's reasoning in *Towers* persuasive in light of the Third Circuit's expressed preference for *Towers* over *Cost Control*. In the case before me, the Berks Court expressly stated that the restitution award was for the benefit of the specific consumers Debtor harmed. Because the restitution award did not yield pecuniary gains to the Commonwealth, it is not exempt from

---

[3]My colleague, the Honorable Stephen Raslavich, has also warned against federal court interference with state court criminal proceedings in *Lopez v. First Judicial Dist. of Pa. (In re Lopez)*, Adv. No. 12-0053, Case No.09-13867, 2012 WL 2927393, at *5 (Bankr. E.D. Pa. July 18, 2012). Judge Raslavich found federalism to be the most compelling argument when deciding that state criminal court costs are not dischargeable under §523(a)(7). *Id.*

discharge under section 523(a)(7). *Rashid*, 210 F.3d at 203; *Towers*, 162 F.3d at 955-56.

Because I find that the Berks Court's civil restitution award is not exempt from discharge under section 523(a)(7), I must deny the Commonwealth's Motion to the extent it seeks entry of summary judgment on its section 523(a)(7) claim. This places this case in a peculiar procedural posture, however, because while the Commonwealth, as the party moving for summary judgment, cannot prevail on its legal argument, Debtor, who has not moved for summary judgment or filed a cross-motion for summary judgment, has prevailed on her legal argument that the civil restitution award is not exempt from discharge under section 523(a)(7). As a result of this legal conclusion, the Commonwealth cannot prevail on its request to have the civil restitution award deemed nondischargeable under section 523(a)(7).

Because there are no genuine disputes of material fact, and it is clear not only that Debtor is entitled to judgment in her favor on the Commonwealth's section 523(a)(7) claim as a matter of law, but that in addition, the Commonwealth had adequate notice of the grounds for such a decision, I will enter judgment in Debtor's favor on the Commonwealth's section 523(a)(7) claim. This is the "sensible and practical thing to do," *American Auto Ins. Co. v. Indemnity Ins. Co. of America*, 108 F. Supp. 221, 224 (E.D. Pa. 1952), and this approach is supported by many authorities, see *Celotex Corp.*, 477 U.S. at 326 ("courts are widely

9

acknowledged to possess the power to enter summary judgment motions <u>sua sponte</u>, so long as the losing party was on notice that she had to come forward with all of her evidence."); *American Auto Ins. Co.*, 108 F. Supp. at 224, *citing with approval, Northland Greyhound Lines, Inc. v. Amalgamated Ass'n. of Street, Electric, Railway and Motor Coach Employees*, 66 F. Supp. 431, 433 (D. Minn. 1946), wherein the court stated, "where the case is properly disposable by summary judgment the court should enter whatever judgment is proper in the circumstances. . . ."

While it may be the better practice to file a cross-motion I do not think that Rule 56(c) proscribes the court's power to enter judgment because of the mechanical failure of one of the parties to file a motion."); *see also Holzschuh v. Unum Life Ins. Co. of America*, No. Civ. A. 02-1035, 2002 WL 1609983, at *9, n. 10 (E.D. Pa. July 18, 2002)("A district court may grant summary judgment in favor of a non-movant where it believes that the movant has had adequate notice of grounds for that judgment and where there is clear support for such judgment."); *Peiffer v. Lebanon School District*, 673 F. Supp. 147, 151-52 (M.D. Pa. 1987)("Where one party has invoked the power of the court to render a summary judgment against an adversary, Fed. R. Civ. P. 54(c) and 56, when read together, give the court the power to render a summary judgment for the adversary if it is clear that the case warrants that result, even thought the adversary has not filed a cross-motion for summary judgment."), *aff'd* 848 F.2d 44 (3d Cir. 1988);

*Henderson v. Goeke*, 329 F. Supp. 1160, 1162, n. 5 (E.D. Pa. 1971); The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure*, §2720.

## III. CONCLUSION

For the foregoing reasons, I find that genuine disputes of material fact exist concerning whether Debtor's conduct constituted false representations, false pretenses or actual fraud. The Commonwealth's Motion requesting summary judgment on its section 523(a)(2)(A) claim must therefore be denied. I also find that the Commonwealth's Motion requesting summary judgment on its section 523(a)(7) claim must be denied because the Berks Court's restitution award did not yield pecuniary gains to the Commonwealth, and therefore, it is not exempt from discharge under section 523(a)(7). Although Debtor has not filed a cross-motion for summary judgment, I shall enter judgment in her favor on the Commonwealth's section 523(a)(7) cause of action because the Commonwealth had adequate notice of the grounds for my decision.

An appropriate Order follows.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

Date: August 27, 2012